+

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NELSON WILLIAMS, | ) | No.  CV 04-8900-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On November 3, 2004, Nelson Williams ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for supplemental security income. On December 16, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on April 22, 2005, defendant filed an Answer to Complaint. On July 25, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On May 15, 2002, plaintiff filed the instant application for Supplemental Security Income payments. (Administrative Record ["AR"] at 41-44). Plaintiff filed three prior applications for supplemental security income between 1979 and 2000; all three were denied. (AR at 21). In the instant case, plaintiff alleged that beginning on January 1, 1985, he was unable to work because he suffered from the following impairments: hypertension, back pain, heart problems, leg impairment, and mental health issues. (AR at 51). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 35, 36-39).

On or about November 8, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 40). On August 6, 2003, the ALJ conducted a hearing in Los Angeles, California. (AR at 278-92). Plaintiff appeared at the hearing with his counsel and testified. (AR at 280-92).

On September 15, 2003, the ALJ issued his decision denying benefits. (AR at 21-27). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments within the meaning of the Social Security Regulations: essential hypertension, disorders of the back, paranoid schizophrenia, and depressive disorder. (AR at 22). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff retained the residual functional capacity to understand, carry out, and remember simple instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers, and work situations;

and deal with changes in a routine setting. (AR at 26). The ALJ found no exertional limitations. (Id.). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 26).

On November 5, 2003, plaintiff filed a timely request with the Appeals Council for a review of the ALJ's decision. (AR at 13). The Appeals Council subsequently affirmed the ALJ's decision. (AR at 4-7).

**PLAINTIFF'S CONTENTION**

Plaintiff claims that the ALJ's limitation to simple, repetitive tasks fails to encompass all the nonexertional limitations also assessed by the ALJ.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible

of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. (Id. at 140). At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. (Id. at 140-41). Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. (Id. at 141). If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Bowen, 482 U.S. at 141. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. (Id. at 142). The claimant is entitled to disability benefits only if he is not able to perform such work. (Id.).
///

**B.   Whether the ALJ's Assessed Limitation of Simple and Repetitive Work Encompassed All Non-Exertional Limitations**

Plaintiff faults the ALJ for failing to consider plaintiff's nonexertional limitations[1] in his assessment of plaintiff's functional capacity.  In his decision, the ALJ limited plaintiff to simple, repetitive tasks. (AR at 26).  Plaintiff claims that such limitation did not encompass the ALJ's findings that plaintiff had mild restrictions in activities of daily living, mild to moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. (AR at 25).  Plaintiff also contends that the ALJ failed to obtain the testimony of a vocational expert.  Such omissions, plaintiff contends, constitutes error.

The ALJ limited plaintiff to "simple, repetitive tasks at all exertional levels."  (AR at 27).  The ALJ, however, made specific findings regarding plaintiff's abilities to follow instructions, use his judgment, handle work situations and colleagues, and deal with change.  In his decision, the ALJ wrote that plaintiff "retains the ability to understand, carry out, and remember simple instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."  (AR at 26).  This assessment is consistent with the ALJ's findings regarding plaintiff's social functioning and concentration, persistence, and pace.  With respect to

---

[1]   Nonexertional limitations are comprised of non-strength related limitations, such as mental, sensory, postural, manipulative, and environmental limitations. Cooper v. Sullivan, 880 F.2d. 1152, 1155 n.7 (9th Cir. 1989)(citing Desrosiers v. Sec'y of Health and Hum. Svcs., 846 F.2d 573, 579 (9th Cir. 1988).

the ALJ's assessment of mild to moderate difficulties in plaintiff's social functioning,[2] the ALJ found that plaintiff could "respond appropriately to supervision, co-workers and work situations." (AR at 26). With respect to the ALJ's assessment of moderate difficulty in concentration, persistence, and pace,[3] the ALJ found that plaintiff "retain[ed] the ability to understand, carry out, an remember simple instructions [and] use judgment in making work-related decisions." (Id.). Finally, with respect to the ALJ's assessment of mild difficulty in activities of daily living,[4] the ALJ found that plaintiff retained the ability to "use judgment in making work-related decisions... and deal with changes in a routine work setting." (Id.). Furthermore, even if the ALJ did not specifically address the nonexertional limitations, the ALJ found that plaintiff's ability for a full range of work at all exertional levels was not "significantly compromised by additional nonexertional limitations." (AR at 27).

---

[2] Social functioning refers to plaintiff's "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals. Social functioning includes the ability to get along with others, such as family members, friends, neighbors, grocery clerks, landlords, or bus drivers." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (c)(2).

[3] Concentration, persistence, and pace refers to "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings. Limitations in concentration, persistence, or pace are best observed in work settings, but may also be reflected by limitations in other settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (c)(3).

[4] Activities of daily living "include adaptive activities such as cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [one's] grooming and hygiene, using telephones and directories, and using a post office. In the context of [plaintiff's] overall situation, we assess the quality of these activities by their independence, appropriateness, effectiveness, and sustainability." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (c)(1).

1    Plaintiff notes that some courts have determined that a
2 limitation to simple or unskilled work does not account for
3 deficiencies in concentration, persistence, and pace. (Joint
4 Stipulation at 6). The cases cited by plaintiff, however, involve an
5 ALJ's failure to include limitations in concentration, persistence,
6 and pace in the context of a hypothetical presented to a vocational
7 expert. See <u>Newton v. Chater</u>, 92 F.3d 688, 695 (8th Cir. 1996); <u>Dade
8 v. Commissioner</u>, No. 93-0511, 1999 WL 1192727, at *3 (D. Or. Dec. 15,
9 1999); <u>Rosario v. Shalala</u>, 836 F. Supp. 257, 260 (E.D.Pa 1993). The
10 instant case does not involve the testimony of a vocational expert or
11 the formulation of a hypothetical. And, as discussed below, the ALJ
12 did not err in failing to use a vocational expert. Instead, the ALJ
13 relied on the medical records, testimony from plaintiff, and the
14 Medical-Vocational Guidelines in determining that plaintiff was not
15 disabled. (AR at 26). Specifically, the ALJ considered plaintiff's
16 limitations with respect to his daily activities (plaintiff retained
17 the ability to "use judgment in making work-related decisions... and
18 deal with changes in a routine work setting"), social functioning
19 (plaintiff could "respond appropriately to supervision, co-workers and
20 work situations"), and concentration, persistence, and pace (plaintiff
21 "retain[ed] the ability to understand, carry out, an remember simple
22 instructions [and] use judgment in making work-related decisions").
23 (AR at 26). Moreover, the medical records show that plaintiff's
24 physicians were not able to make conclusive findings regarding his
25 mental impairments and their impact on plaintiff's ability to work
26 based, in part, on plaintiff's lack of cooperation. (<u>See</u> AR at 195-
27 99, 227-38).
28    Courts have held that an ALJ adequately considers a claimant's

7

limitations in concentration, persistence, and pace when he incorporates testimony or refers to other evidence in the record referencing plaintiff's limitations, even if he does not explicitly state that each limitation exists.  Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002); see also Howard v. Massanari, 255, F.3d 577, 582 (8th Cir. 2001)(finding that the ALJ's hypothetical limiting the claimant to simple, repetitive, and routine tasks adequately captured the claimant's deficiencies in concentration, persistence, or pace because it adopted the State agency physician's functional capacity assessment and the physician had noted those deficiencies in his assessment although the deficiencies were not specifically outlined in the hypothetical); Brachtel v. Apfel, 132 F.3d 417, 421 (8th Cir. 1997)(finding that the ALJ's hypothetical limiting the claimant to "simple routine repetitive work" without any mention that the claimant often manifested deficiencies in concentration, persistence, or pace included his deficiencies in concentration and pace because the ALJ also restricted plaintiff from work requiring attention to detail and work requiring more than a regular pace).  Here, the issue is not whether the ALJ properly included references to his findings regarding concentration, pace, and persistence in a hypothetical to a vocational expert.  In light of the foregoing, the Court finds that the ALJ adequately considered plaintiff's nonexertional limitations, including plaintiff's concentration, persistence, and pace.  (AR at 25).

Plaintiff also claims that the ALJ erred by failing to obtain the testimony of a vocational expert.  Plaintiff contends that a vocational expert was required in order to properly consider residual functional capacity in light of the nonexertional limitations.  (Joint

Stipulation at 7). Nonexertional limitations that significantly limit the range of work permitted by a plaintiff's exertional limitations preclude the application of the Medical-Vocational Guidelines and require the testimony of a vocational expert. <u>Desrosiers</u>, 846 F.2d at 577. It is, however, unnecessary to call a vocational expert in cases where the ALJ thoroughly considered a plaintiff's nonexertional impairments and explicitly determined that they did not diminish the plaintiff's capacities. <u>Tucker v. Heckler</u>, 776 F.2d 793, 795-96 (8th Cir. 1985). Here, as noted above, the ALJ considered plaintiff's nonexertional limitations and specifically determined that plaintiff's exertional limitations were not "significantly compromised by additional nonexertional limitations." (AR at 27). Thus, the ALJ did not err in failing to call a vocational expert.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 11, 2006

                                                    /s/
                                  JENNIFER T. LUM
                                  UNITED STATES MAGISTRATE JUDGE